James P. Muenker (Texas Bar. No. 24002659)
DLA PIPER LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4559
Email: james.muenker@us.dlapiper.com

Alan J. Joaquin (admitted *pro hac vice*)
Joseph A. Bailey III (*pro hac vice* pending)
WERNER AHARI MANGEL LLP
2112 Pennsylvania Avenue NW, Suite 200
Washington, DC 20037
Telephone: (202) 599-1030
Email: AJoaquin@wam.law
JBailey@wam.law

COUNSEL FOR FEDERAL INSURANCE COMPANY

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC. | § | CASE NO. 23-30246-mvl7 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| FEDERAL INSURANCE COMPANY, | § | |
| | § | |
| Interpleader-Plaintiff, | § | Adv. Case No. 25-_____-mvl |
| | § | |
| v. | § | |
| | § | |
| SCOTT M. SEIDEL, AS CHAPTER 7 TRUSTEE FOR WITH PURPOSE, INC., GLORIFI ACQUISITIONS, LLC, ALAN CARR, TOBY NEUGEBAUER, BRYAN JOINER, CHARLES HAMILTON, JOHN NORWOOD, | § | |
| | § | |
| Interpleader Defendants. | § | |
| | § | |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Interpleader-Plaintiff Federal Insurance Company ("Federal"), by and through its undersigned counsel, hereby submits this Complaint for Interpleader and Declaratory Relief against Interpleader Defendants Scott M. Seidel (the "Trustee"), duly appointed Chapter 7 trustee for With Purpose, Inc. ("WPI"); GloriFi Acquisitions, LLC ("GFA"); Alan Carr ("Carr"); Toby Neugebauer ("Neugebauer"); Bryan Joiner ("Joiner"); Charles Hamilton ("Hamilton"); and John Norwood ("Norwood") (collectively, the "Interpleader Defendants"). The Trustee and GloriFi Acquisitions, LLC are collectively referenced herein as the "Underlying Plaintiffs" and Carr, Neugebauer, Joiner, Hamilton, and Norwood are collectively referenced herein as the "Individual Insureds."

## NATURE OF THE ACTION

1. This is an action for rule interpleader and declaratory relief brought under Federal Rules of Bankruptcy Procedure 7001 and 7022, Federal Rule of Civil Procedure 22, and 28 U.S. Code § 2201 or, in the alternative, statutory interpleader brought under 28 U.S. Code § 1335.

2. As described more fully below, Federal issued *ForeFront Portfolio 3.0* Directors and Officers Liability Policy No. 8262-7893 to WPI for the Policy Period of February 4, 2022 to January 16, 2023, with a one-year extended reporting period (the "Policy"). The Policy contains a Directors and Officers and Entity Liability ("D&O") Coverage Part with Policy limits of $5 million, plus an additional $1 million in dedicated coverage under Insuring Agreement (A) for Executives. The Policy is a "wasting" policy under which covered Defense Costs reduce the Policy limits. Federal has no further duty to defend once the Policy limits have been exhausted.

3. To date, Federal has paid or reimbursed $1,528,714.80 in Defense Costs incurred by the Individual Insureds, leaving a total of $4,471,285.20 in remaining Policy limits. Federal has

also received or expects to receive over $145,000 in invoices reflecting additional Defense Costs incurred by the Individual Insureds on or before September 16, 2025. Federal is prepared to reimburse those amounts upon entry of appropriate comfort orders, absent any dispute regarding the payment of those invoices. This will leave approximately $4,320,000 in remaining Policy limits.

4. The Interpleader Defendants have brought competing and conflicting claims in the remaining Policy limits for defense costs, indemnification, and/or settlement for various claims brought by the Underlying Plaintiffs against the Individual Insureds arising out of the collapse of WPI. The remaining Policy limits are insufficient to satisfy those competing and conflicting claims. Federal is unable to determine which Interpleader Defendant is entitled to the Policy proceeds and in what amounts, and faces conflicting claims for amounts exceeding the remaining Policy limits.

5. Specifically, the Trustee made a Stowers Settlement Demand on Carr for the lesser of $4.5 million or the remaining limits on the Policy, which Federal reasonably accepted on September 16, 2025 (the "Carr Settlement"). The Trustee and Carr take the position that the remaining Policy limits were therefore exhausted on September 16, 2025, and that only covered Defense Costs incurred by the Individual Insureds on or prior to that date qualify for reimbursement before the remaining Policy limits are paid towards the Carr Settlement. Neugebauer, however, has asserted that the Policy is not exhausted until this Court *approves* the Carr Settlement, such that the Individual Insureds' Defense Costs incurred prior to that date continue to erode the remaining Policy limits payable towards the Carr Settlement.

6. Further, counsel for Neugebauer and counsel for Joiner, Hamilton, and Norwood have taken the position that Federal should not have entered into the Carr Settlement. *See, e.g.*,

ECF 641. Counsel for Neugebauer (incorrectly) argues that Carr faced no personal liability and counsel for Joiner, Hamilton, and Norwood (incorrectly) argues that Federal should have protected all its Insureds by using the remaining Policy limits to effectuate a global settlement of the Trustee's claims against all Insureds. However, Federal acted reasonably and pursuant to Texas insurance law in accepting the Stowers Demand against Carr, and did not have any opportunity to settle the claims against its other Insureds within the limits of the Policy.

7. Federal makes no claim to retain the remaining Policy limits and is prepared to tender them for payment to whichever Interpleader Defendants are legally entitled to receive such amounts. Federal stands by and affirms its obligation to pay the remaining Policy limits, after payment of covered Defense Costs, towards the Carr Settlement if it is approved. But the amount of the remaining Policy limits is disputed by and between the Interpleader Defendants, and Federal's exposure should end when these remaining Policy limits have been paid.

8. In the face of conflicting and competing demands for payments under the Policy or otherwise, Federal brings this rule interpleader and declaratory judgment action to determine an appropriate division of the remaining Policy proceeds among the Interpleader Defendants, to avoid any double or multiplied exposure to the Interpleader Defendants and to obtain full and final peace in connection with its unconditional payment of the remaining Policy proceeds.

## JURISDICTION AND VENUE

9. This adversary proceeding arises in connection with and is related to the bankruptcy proceeding captioned *In re: With Purpose, Inc.*, No. 23-30246-mvl7 (the "Bankruptcy Proceeding"), which is currently pending in this Court pursuant to Chapter 7 of Title 11 of the United States Code.

10. This Court has original jurisdiction over the subject matter of this adversary proceeding because it is related to a bankruptcy case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

11. The Court also has jurisdiction over the subject matter of this adversary proceeding under 28 U.S.C. § 1332(a)(1) because Federal is of diverse citizenship from each of the Interpleader Defendants and the amount in controversy exceeds $75,000.

12. The Court has personal jurisdiction over each of the Interpleader Defendants pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

13. In the alternative, this Court also has jurisdiction over this matter under 28 U.S.C. § 1335 because there are at least two adverse claimants of diverse citizenship, as defined by 28 U.S.C. § 1332(a), who may claim to be entitled to the proceeds of the Policy exceeding $500 or more.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because the Bankruptcy Proceeding is currently pending in this Court.

15. Venue is also proper in this District under 28 U.S.C. § 1397 because one or more of the Interpleader Defendants resides in this District.

16. In addition, or in the alternative, venue is proper in this district under 28 U.S.C. § 1391(b)(2) because at least one of the notified matters for which the Individual Insureds assert they are entitled to coverage under the Policy is pending in this District and because WPI's Bankruptcy Proceeding is also pending in this District.

## PARTIES

17. Interpleader-Plaintiff Federal is a corporation organized under the laws of the State of Indiana, with its principal place of business in the State of New Jersey.

18. Interpleader Defendant Scott M. Seidel, at times herein relevant, was and is the duly appointed Chapter 7 trustee in the Bankruptcy Proceeding commenced by WPI currently pending in this Court. Scott M. Seidel is and at all relevant times was a resident of the State of Texas. WPI is and at all relevant times was a Delaware corporation with its principal place of business in Texas.

19. Interpleader Defendant GloriFi Acquisitions, LLC is and at all relevant times was a Georgia limited liability company whose sole member is Jackson Investment Group LLC. Jackson Investment Group LLC is and at all relevant times was a Georgia limited liability company whose sole member is Richard L. Jackson, who is and at all relevant times was a resident of the State of Georgia.

20. Interpleader Defendant Alan Carr is and at all relevant times was a resident of the State of New York. Carr is a former board member of WPI.

21. Interpleader Defendant Toby Neugebauer is and at all relevant times was a resident of the State of Texas. Neugebauer is a former CEO and board member of WPI.

22. Interpleader Defendant Bryan Joiner is and at all relevant times was a resident of the State of Texas. Joiner is a former employee of WPI.

23. Interpleader Defendant Charles Hamilton is and at all relevant times was a resident of the State of Texas. Hamilton is a former board member of WPI.

24. Interpleader Defendant John Norwood is and at all relevant times was a resident of the State of Texas. Norwood is a former board member of WPI.

## FACTUAL BACKGROUND

***A. The Policy***

25. Federal issued the Policy to WPI for the Policy Period of February 4, 2022 to January 16, 2023, with a one-year extended reporting period (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

26. Subject to all of the Policy's terms, conditions, and exclusions, the D&O Coverage Part of the Policy affords specified liability coverage to WPI, its Subsidiaries, and its Executives and Employees up to a maximum aggregate limit of liability of $5,000,000. As amended by Endorsement No. 1, Section III of the D&O Coverage Part provides an additional $1,000,000 limit of liability available solely to an Executive for Non-Indemnifiable Loss covered under Insuring Clause (A).

27. The Policy provides that Federal "shall have the right and duty to defend any Claim covered by [the D&O Coverage Part]." D&O Coverage Part, Section VIII(A). The Policy further provides that "Defense Costs are part of, and not in addition to" the limits of liability "and payment by [Federal] of Defense Costs shall reduce and may exhaust such Limits of Liability." Policy, General Terms & Conditions, Section III(A)(3). The Policy provides that Federal has "no obligation to … continue to defend any Claim after the [Policy's limit of liability] … has been exhausted …." D&O Coverage Part, Section VIII(D).

***B. The Claims Against the Individual Insureds***

28. On February 8, 2023, WPI filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court.

29. The Individual Insureds have tendered multiple matters to Federal arising out of the collapse of WPI for which they contend they are entitled to coverage under the Policy. As relevant

to this Complaint for Interpleader and Declaratory Relief, the matters tendered to Federal for which Federal acknowledged a duty to defend under the Policy, subject to a full reservation of Federal's rights and the terms of the Policy, include the following:

a. Carr first submitted the Trustee's January 24, 2025 demand against Carr and then the September 8, 2025 Stowers Demand and draft complaint (a copy of the Stowers Demand, not including the draft complaint, is attached hereto as **Exhibit B**);

b. Neugebauer submitted the following matters:

i. *Seven Talents, et. al., v. Toby Neugebauer, et. al.*, Case No. DC-23-02970, in the Dallas County District Court in Texas.

ii. *Scott M. Seidel, Trustee v. Toby Neugebauer and Neugebauer Family Enterprises, LLC*, filed as ECF 438 in the Bankruptcy Proceeding;

iii. *Scott M. Seidel, Trustee v. Toby Neugebauer and Melissa Neugebauer*, filed as ECF 439 in the Bankruptcy Proceeding; and

iv. *Scott M. Seidel, Trustee v. Banzai Advisory Group, LLC and Toby Neugebauer*, filed as ECF 440 in the Bankruptcy Proceeding.

c. Joiner submitted the Trustee's January 24, 2025 demand against Joiner and the Trustee's May 9, 2025 demand and draft complaint against Joiner;

d. Norwood submitted the Trustee's January 24, 2025 demand against Norwood and the Trustee's August 22, 2025 draft complaint against Norwood;

e. Hamilton submitted the Trustee's January 24, 2025 demand against Hamilton.

30. Federal agreed to provide Defense Costs coverage in connection with each of the matters listed in the previous paragraph for counsel appointed by Federal or retained with its

consent, subject to a full reservation of all of the Policy's terms, conditions, and exclusions, and subject to the order of this Court that such payments are not in violation of the automatic stay.

***C. The Stowers Demand Against Carr and the Carr Settlement***

31. On January 24, 2025, the Trustee issued a demand letter to Carr concerning Carr's alleged duties "as a director and/or officer of GloriFi." Carr subsequently entered into a tolling agreement with the Trustee effective January 24, 2025.

32. The Trustee also issued similar demand letters to Joiner, Hamilton, and Norwood on January 24, 2025. Joiner, Hamilton, and Norwood also entered into tolling agreements with the Trustee.

33. On March 12, 2025, Federal agreed to provide Carr, Joiner, Hamilton, and Norwood with a defense to the January 24, 2025 demand letters subject to full reservations of rights. Accordingly, Federal assigned defense counsel at Gordon Rees to defend Carr and Federal assigned defense counsel at Foley & Lardner to defend Joiner, Hamilton, and Norwood.

34. On September 8, 2025, the Trustee unconditionally offered a full and complete release of all claims of against Carr in exchange for payment of the lesser of $4.5 million or the remaining limits of the Policy. The Trustee stated that the demand would expire if Federal did not accept the demand by 5:00 pm Central Time on September 16, 2025. *See* **Exhibit B**.

35. As explicitly stated in the Trustee's letter, the Trustee's purpose was to invoke the "Stowers" doctrine enunciated in *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved).

36. Prior to receiving the Stowers Demand against Carr, Federal had not received a demand against any other Individual Insured within the Policy limits triggering Federal's duties under the Stowers doctrine.

37. After receiving the Trustee's Stowers Demand against Carr, Carr advised Federal that he believed it to be reasonable and requested that Federal accept it.

38. Federal reviewed the Policy's terms, the Stowers Demand against Carr, and the relevant liability and damages/exposure analysis prepared by Mr. Carr's counsel. After extensively reviewing this information and conducting its own independent investigation, Federal determined that the Trustee's Demand was reasonable under the circumstances. Accordingly, Federal accepted the Trustee's Demand on September 16, 2025.

39. In accepting the Stowers Demand against Carr, Federal acted properly and in full accordance with its duties under Texas insurance law, which provides in relevant part that:

> "An insurer is not subject to liability for proceeding, on behalf of a sued insured, with a reasonable settlement once a settlement demand is made, even if the settlement eliminates coverage for a co-insured as to whom no Stowers demand has been made."
>
> The insurer cannot be liable for failing to settle remaining claims "unless there is evidence that either (1) the insurer negligently rejected a demand from the claimant within policy limits; or (2) the initial settlement demand was itself unreasonable."

*Pride Transp. v. Cont'l Cas. Co.*, 511 F. App'x 347, 351 (5th Cir. 2013) (citation modified) (quoting *Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 768 (5th Cir.1999); *Farmers Ins. Co. v. Soriano,* 881 S.W.2d 312, 315 (Tex. 1994)).

40. After accepting the Stowers Demand against Carr, Federal immediately informed counsel for Neugebauer, Joiner, Hamilton, and Norwood of the Carr Settlement on September 16, 2025, stating:

> We write to inform you that Federal has accepted a settlement demand under the Policy that will significantly erode, if not entirely exhaust, the remaining limits available to your clients under the Policy. The Trustee issued a Demand to Federal unconditionally offering a full and complete release of all claims against Alan Carr ("Carr") in exchange for payment of the lesser of $4.5 million or the remaining limits of the Federal Policy. Federal extensively reviewed and investigated the relevant information, determined that the Trustee's Demand

> was reasonable under the circumstances, and thus accepted the Trustee's Demand to release the claims against Mr. Carr. Please let me know if you have any questions or would like to discuss this further.

41. On September 16, 2025, Federal further informed counsel for Joiner, Hamilton, and Norwood that the Carr Settlement would likely exhaust the remaining policy limits. Federal stated that all covered Defense Costs incurred through September 16, 2025 by the Individual Insureds would be applied against the remaining limits of the Policy and would be paid before the amount of the Carr Settlement was calculated.

42. On September 17, 2025, Federal received outstanding invoices from counsel for Neugebauer, Norwood, Hamilton, and Joiner for work performed on or before September 16, 2025 that confirmed that the Policy was fully exhausted upon Federal's acceptance of the Stowers Demand against Carr on September 16, 2025.

43. For purposes of filing a 9019 motion seeking Court approval of the Carr Settlement, the Trustee asked Federal to provide the total amount of erosion to the policy limits before Federal accepted the Stowers Demand against Carr on September 16, 2025.

44. Federal informed the Trustee that there was between $4,250,000.00 and $4,320,000.00 remaining on the Policy prior to Federal's acceptance of the Stowers Demand against Carr on September 16, 2025. *See* 9019 Motion at ¶ 2 (Dkt. 623).

### *D. The Reasons for This Interpleader and Request for Declaratory Relief*

45. On September 25, 2025, the Trustee filed a 9019 motion seeking an order from this Court that would authorize and permit Federal to pay the Defense Costs incurred by the Individual Insureds prior to Federal's acceptance of the Stowers Demand on September 16, 2025 and authorize Federal to then pay the remaining limits of the Policy towards the Carr Settlement. *See* Dkt. 623 at ¶ 3. Accordingly, the order sought in the Trustee's 9019 motion would stop paying the

Individual Insureds' Defense Costs incurred after September 16, 2025, and the Carr Settlement amount would be the amount remaining on the Policy as of September 16, 2025.

46. On October 6, 2025, the Trustee moved for an order authorizing the Trustee to pay a portion of the anticipated Carr Settlement funds to GloriFi Acquisitions, LLC in accordance with this Court's *Order Granting Trustee's Motion for Approval of Compromise and Settlement with, and Sale to, Jackson Investment Group, LLC* at Docket No. 399. *See* Dkt. 629 at ¶¶ 4, 7.

47. Neugebauer argues that the Individual Insureds' Defense Costs have and will continue to erode the remaining policy limits available for the Carr Settlement until this Court grants the Trustee's 9019 motion approving the Carr Settlement.

48. Further, counsel for Neugebauer and counsel for Joiner, Norwood, and Hamilton have all taken the position that Federal should not have agreed to the Carr Settlement.

49. Counsel for Neugebauer (incorrectly) argues that Carr faced no personal liability because WPI's Certificate of Incorporation protects directors from personal liability for any breach of fiduciary duty, failing to recognize that such protections do not extend to breaches of the duty of loyalty, *inter alia*. *See* Neugebauer's Objection to Carr Motion for Relief from Stay at ¶ 3 (Dkt. 628).

50. Counsel for Joiner, Hamilton, and Norwood (incorrectly) argues that Federal should have protected all its insureds by using the remaining Policy proceeds to effectuate a global settlement of the Trustee's claims against all insureds, failing to recognize that Federal never had such an opportunity, and that Texas insurance law expressly requires insurers to accept a reasonable settlement demand against one insured, even if the settlement eliminates coverage for a co-insured as to whom no Stowers demand has been made. *Pride Transp.*, 511 F. App'x at 351; *Citgo Petroleum*, 166 F.3d at 768; *see Soriano,* 881 S.W.2d at 315.

51. While Federal has not yet paid the Carr Settlement, pending the Trustee's 9019 motion to approve that settlement, Federal has entered into a binding agreement to pay the remaining Policy limits towards the Carr Settlement. Federal cannot agree to pay the same amount twice and has no obligation to do so, and the amounts of the remaining Policy limits in any event is disputed by and between certain of the Interpleader Defendants.

**COUNT I – RULE INTERPLEADER**

52. Federal repeats and realleges the allegations in the foregoing paragraphs of this Complaint for Interpleader and Declaratory Relief as if fully set forth herein.

53. The Interpleader Defendants have asserted or may assert multiple conflicting claims for or entitlement to the remaining Policy limits.

54. The Interpleader Defendants' demands for payment have already exceeded the coverage provided by and remaining limits under the Policy.

55. The Interpleader Defendants have divergent interests and conflicting strategies with respect to the use of the Policy's proceeds, particularly with respect to the use of those proceeds to pay Defense Costs incurred after September 16, 2025 and to fund one or more settlements.

56. Federal's acceptance of the Stowers Demand against Carr was reasonable. Federal's honoring the terms of the Carr Settlement, if approved, may lead to vexatious and multiple litigation from one or more Interpleader Defendants with respect to Federal's obligations under the Policy or otherwise.

57. Federal therefore faces the risk that the Interpleader Defendants may obtain inconsistent decisions exposing Federal to multiple liability in excess of the Policy limits. Moreover, the outcome of multiple litigation concerning the Policy would not be properly determinative of the manner in which the Policy's proceeds should be apportioned.

58. Federal makes no claim to retain the remaining Policy limits and is prepared to tender them for payment to whichever Interpleader Defendants are legally entitled to receive such amounts.

59. Federal requests that the Interpleader Defendants be required to interplead any claims to entitlement to coverage under the Policy and/or to Policy proceeds, or arising out of the Policy or any agreement to or refusal to pay amounts thereunder, in the present action. Federal further seeks a determination as to how the remaining Policy limits should be divided between the Interpleader Defendants, and a discharge from any and all obligations under or relating to the Policy upon the payment of the remaining Policy limits.

## COUNT II – DECLARATORY RELIEF

60. Federal repeats and realleges the allegations in the foregoing paragraphs of this Complaint for Interpleader and Declaratory Relief as if fully set forth herein.

61. The Stowers Demand against Carr triggered Federal's duties to Carr under the Stowers doctrine.

62. Federal acted properly and in full accordance with its duties under Texas insurance law by accepting the Stowers Demand against Carr.

63. Federal's acceptance of the Stowers Demand against Carr was reasonable.

64. The amount of the Carr Settlement was reasonable.

65. An actual and justiciable controversy exists between Federal and Neugebauer, Joiner, Hamilton, and Norwood as to whether Federal acted properly in agreeing to accept the Stowers Demand against Carr.

66. The entry of a declaratory judgment with respect to whether Federal acted properly in agreeing to accept the Stowers Demand against Carr is necessary and would be effective to resolve the controversy between the parties.

67. Accordingly, Federal respectfully requests that the Court enter judgment declaring that Federal acted properly under the Policy and otherwise in agreeing to accept the Stowers Demand against Carr.

## COUNT III – STATUTORY INTERPLEADER

68. Purely in the alternative to Counts I and II (set forth in paragraphs 51 through 67), Federal repeats and realleges the allegations in paragraphs 1 through 51 as if fully set forth herein.

69. The Stowers Demand against Carr triggered Federal's duties to Carr under the Stowers doctrine.

70. The Interpleader Defendants have asserted or may assert multiple conflicting claims for or entitlement to the remaining Policy limits.

71. The Interpleader Defendants' demands for payment have already exceeded the coverage provided by and remaining limits under the Policy.

72. The Interpleader Defendants have divergent interests and conflicting strategies with respect to the use of the Policy's proceeds, particularly with respect to the use of those proceeds to pay Defense Costs incurred after September 16, 2025 and to fund one or more settlements.

73. Federal's acceptance of the Stowers Demand against Carr was reasonable. Federal's honoring the terms of the Carr Settlement, if approved, may lead to vexatious and multiple litigation from one or more Interpleader Defendants with respect to Federal's obligations under the Policy or otherwise.

74. Federal therefore faces the risk that the Interpleader Defendants may obtain inconsistent decisions exposing Federal to multiple liability in excess of the Policy limits. Moreover, the outcome of multiple litigation concerning the Policy would not be properly determinative of the manner in which the Policy's proceeds should be apportioned.

75. Federal makes no claim to retain the remaining Policy limits and is prepared to tender them into registry of the Court for payment to whichever Interpleader Defendants are legally entitled to receive such amounts.

76. Federal requests that the Interpleader Defendants be required to interplead any claims to entitlement to coverage under the Policy and/or to Policy proceeds, or arising out of the Policy or any agreement to or refusal to pay amounts thereunder, in the present action. Federal further seeks a determination as to how the remaining Policy limits should be divided between the Interpleader Defendants, and a discharge from any and all obligations under or relating to the Policy upon the payment of the remaining Policy limits.

WHEREFORE, Federal respectfully requests that the Court:

a. issue a declaration that Federal's acceptance of the Stowers Demand against Carr was reasonable;

b. issue an Order requiring the Interpleader Defendants to interplead in this case all of their demands for coverage under, with respect to, or arising out of the Policy;

c. if required for jurisdiction based on the cause of action for statutory interpleader, which is solely pled in the alternative, issue an Order granting Federal leave to deposit the full remaining limit of the Policy into the registry of the Court and providing that, upon making such a deposit, the coverage afforded by the Policy shall be deemed exhausted, and Federal and its

agents and employees shall be discharged from all liability to the Interpleader Defendants under or in connection with the Policy;

d. enter a preliminary and permanent injunction enjoining the Interpleader Defendants from instituting or prosecuting any action in any court, state or federal, against Federal or its agents and employees asserting any claims, rights, causes of action or demands of whatever nature, whether known or unknown, foreseen or unforeseen, under, in connection with, or arising out of the Policy;

e. enter judgment discharging Federal and its agents and employees from all further liability relating in any way to the Policy or any demands that may be made in connection with the Policy; and

f. grant any and all further relief that this Court may deem equitable and just.

Dated: October 20, 2025
Dallas, Texas

Respectfully submitted,

*/s/ James P. Muenker*

James P. Muenker (Texas Bar. No. 24002659)
DLA PIPER LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4559
Email: james.muenker@us.dlapiper.com

Alan J. Joaquin (admitted *pro hac vice*)
Joseph A. Bailey III (*pro hac vice* pending)
WERNER AHARI MANGEL LLP
2112 Pennsylvania Avenue NW, Suite 200
Washington, DC 20037
Telephone: (202) 599-1030
Email: AJoaquin@wam.law
JBailey@wam.law

*Attorneys for Federal Insurance Company*